## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY R. BUTTERS, as Co-Trustee of THE BUTTERS CLINTON COUNTY GAS PROTECTOR TRUST, DAVID F. BUTTERS, individually, TERRY L. BUTTERS, individually, and GLEN E. BUTTERS, individually,** | : : : : : : : : : | **CIVIL ACTION NO. 4:17-CV-797** **(Chief Judge Conner)** |
| **Plaintiffs** | : : | |
| **v.** | : : | |
| **SWN PRODUCTION COMPANY, LLC,** | : : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 7th day of August, 2018, upon consideration of the motion (Doc. 51) to strike plaintiffs' jury trial demand by defendant SWN Production Company, LLC ("SWN"), wherein SWN requests the court strike plaintiffs' demands for a jury trial on "all issues that are triable by jury," (Doc. 7 at 54; Doc. 47 at 1), because a jury trial is not available on either of their two claims, to wit: an action to quiet title pursuant to Pennsylvania Rule of Civil Procedure 1061(b)(3) (Count I) and a request for declaratory relief pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 (Count II), and further upon consideration of

plaintiffs' opposition, wherein plaintiffs respond that SWN's request is premature,[1] and taking plaintiffs' claims in turn: *first*, as to Count I, it appearing that federal law controls the inquiry as to whether a litigant is entitled to a jury trial under the Seventh Amendment, see Langbord v. Dep't of Treasury, 832 F.3d 170, 187 (3d Cir. 2016), *cert.* denied *sub nom.* 137 S. Ct. 1578 (2017) (quoting Owens-Ill., Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1189 (3d Cir. 1979)), and the court noting that a party is entitled to a jury trial on any issues raised by the pleadings that "would be triable to a jury at common law," Owens-Ill., 610 F.2d at 1189 (citing Ross v. Bernhard, 396 U.S. 531, 539 (1970)), and the court further noting that no right to a jury exists when the case is "purely equitable," id., and the court observing that quiet title actions are equitable in nature, see Langbord, 832 F.3d at 187, and the court concluding that plaintiffs are not entitled to a jury on their action to quiet title under Pennsylvania law; and *second*, as to Count II, it appearing that the right to a jury trial in declaratory judgment actions attaches when the action is "essentially an inverted lawsuit" brought by a party "who would have been a defendant at common law," AstenJohnson, Inc. v. Columbia Cas. Co., 562 F.3d 213, 223 (3d Cir. 2009) (quoting Owens-Ill., 610 F.2d at 1189), but that no right to a jury trial exists when a party seeks purely equitable relief through declaratory judgment, id. (quoting Owens-Ill., 610 F.2d at 1189); see also Langbord, 832 F.3d at 187, and the court

---

[1] Plaintiffs do not dispute SWN's contention that neither claim advanced in the amended complaint entitles them to a jury trial. (See Doc. 54 at 3-5). Plaintiffs merely asseverate that SWN's motion is premature because at the time of its filing, SWN had yet to file an answer and plaintiffs wished to preserve their right to a jury trial on any potential counterclaims. (Id.) On June 22, 2018, SWN filed its answer asserting no counterclaims, rendering plaintiffs' objection moot. (See Doc. 58).

noting that plaintiffs request a declaration that the at-issue leases have expired due to SWN's failure to perform and that all subject properties therefore automatically reverted to plaintiffs' exclusive control, (Doc. 7 at 53; <u>see</u> <u>id.</u> ¶¶ 184-206), and the court determining that plaintiffs' declaratory judgment action "fit[s] the pattern of a quiet title action," <u>Langbord</u>, 832 F.3d at 187 (citations omitted), and the court concluding that plaintiffs are not entitled to a jury trial on Count II because the "basic character" of their declaratory judgment claim sounds in equity, <u>see</u> <u>id.</u>, it is hereby ORDERED that:

1. The motion (Doc. 51) to strike plaintiffs' jury trial demand (Doc. 7 at 54; Doc. 47) is GRANTED.

2. The above-captioned action shall proceed on a non-jury trial schedule.


<u>/S/ CHRISTOPHER C. CONNER</u>
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania